# INDIANAPOLIS & ST. LOUIS RAILWAY COMPANY

## v.

# HARVEY H. ADAMS.

*Railroads — Transportation Contract — Breach—Delay—Conditions— Evidence—Instructions—Special Findings.*

In an action against a railroad company to recover for the alleged breach of a contract on its part to carry certain live stock to a point named within a reasonable time, this court holds that an instruction asked by defendant, claiming to define gross negligence, was properly refused, and that, in view of the evidence, the verdict for the plaintiff can not be disturbed.

[Opinion filed May 24, 1890.]

APPEAL from the Circuit Court of Edgar County; the Hon. C. B. SMITH, Judge, presiding.

Messrs. JOHN T. DYE and ROBERT L. McKINLAY, for appellant.

Messrs. J. F. VAN VOORHEES and JAMES A. EADS, for appellee.

PLEASANTS, P. J.   Appellee recovered judgment on a verdict for $179.57, for alleged breach of contract by defendant, appellant, to transport for him two carloads—thirty-five head—of beef cattle from Paris, Illinois, to East Buffalo, New York, within a reasonable time.

The terms of the contract were agreed upon, and the cars ordered, on December 11, 1888, for the 14th, when it was signed.   At noon of that day the cattle were brought by appellee to Paris, and there put in appellant's shipping pens, to go out by the 7 P. M. train.   By the usual course of trans· portation they would arrive at East Buffalo at 6 A. M. on the 17th, which would be Monday, and was generally the best market day of the week.   There were considerable delays in starting, and at Indianapolis, Cleveland, Ashtabula and Dunkirk.   The delay of seven hours at Ashtabula was claimed to have been by reason of a flood that washed out a bridge; but except for preceding delays they would have passed that point before the bridge became dangerous, and it was further charged that they might have gone on upon another road from that point.

They arrived at East Buffalo on Tuesday, December 18th, at 3 o'clock P. M.—thirty-three hours behind time.   Appellee claimed damages for fall in price, extra shrinkage, feed, yardage and other trouble.

It appeared that by the contract, which was in evidence, the plaintiff released the defendant and other carriers from all claim for damages by delay in transportation, etc., except such as should be proved to have been caused by their gross negligence.

The court gave to the jury its own instructions, refusing those asked.   They were told that the release was lawful and valid, and that defendant was not liable for any delay unavoidably occasioned by the act of God, as a flood, or even by its

own negligence, unless it was gross.  We think these instructions embraced all that was both material and true in those asked.

They did not, however, define gross negligence.  The definition asked was as follows: "By the term gross negligence, as used in these instructions, is meant a wrongful act or omission wilfully and maliciously done or omitted, or wantonly reckless conduct, showing an utter disregard of the rights of others."  That put it too strongly, and was well refused.  If defendant deemed it important to have a technical definition given, it should have asked a correct one.

Several others were asked, stating in substance that it was not responsible for delay through accident or misfortune, though it was not the act of God or of the public enemy, and might have been prevented.  We recall the evidence of any such accident or misfortune.

Special interrogatories were submitted.  To the one whether plaintiff released defendant as above stated, they returned for answer, "No."  This was evidently the result of some misunderstanding, error or inadvertence; for the contract and its effect were admitted, and the contract itself and the instruction relating to it were before them.  And it was unimportant, since their answers to others found that the delays were not attributable to the act of God or inevitable accident, but to gross negligence of the defendant.

There was evidence sufficient to support the contention of appellee upon all the questions of fact in issue, and all the findings except the one first above mentioned; and we perceive no material error in any of the rulings of the court.

The judgment will therefore be affirmed.

*Judgment affirmed.*